# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUIS DIFO ENCARNACION

    Petitioner

    v.                                **CIVIL NO. 04-1940 (DRD)**

UNITED STATES OF AMERICA

    Respondent

## REPORT AND RECOMMENDATION

In his Section 2255 motion (Docket No. 1) petitioner raises several claims of ineffective assistance. First, he claims that counsel failed to seek a minimal participant role at sentencing. Second, he claims that counsel failed to seek a downward departure based on the fact that petitioner was a deportable alien. Third, he claims that counsel failed to address at the trial and appeals stages that the Court violated Fed. R. Crim. P. 32 by not verifying that both counsel and petitioner read and discussed the presentence report. Finally, petitioner contends that appellate counsel failed to address an issue as to supervised release.

Upon review and consideration of the petitioner's motion and memoranda (Docket No. 1) and the Government's thorough response (Docket No. 8), the Court concludes that petitioner's claims of ineffective assistance are meritless, hence his Section 2255 motion must be **DENIED** in its entirety. The Court shall proceed to address petitioner's arguments *seriation*.

**Minimal Participant Role Adjustment**

At the outset, the Court notes that on October 3, 2002, petitioner, pursuant to a plea agreement, pled guilty to Count One of the indictment charging him with conspiracy to possess with intent to distribute in excess of five kilos of cocaine, in violation of 21 U.S.C. §§ 841 (a) (1) and 846. Pursuant to this plea agreement, petitioner considerably limited his possible prison predicament to fifty seven (57) months imprisonment, as ultimately sentenced by the Court. Had petitioner been found guilty, he would have been exposed to a minimum term of imprisonment of ten years to life. The Court further notes that in his plea agreement, which did not stipulate a minimal role

**CIVIL NO. 04-1940 (DRD)**                                     2

adjustment, petitioner accepted that "no further adjustments or departures to petitioner's base offense level would be sought be either party".

Because the Court accepted petitioner's plea agreement and sentenced him under its exact terms, petitioner's claim of ineffective assistance fails. See, e.g., United States v. Flowers, 2004 WL 1088767 * 8 (S. Kan. 200) (counsel not deficient where defendant received bargained-for sentence); Jolaoso v. United States, 142 F. Supp. 2d 306, 308 (E.S.N.Y. 2001) (same); Ryan v. United States, 97 F. Supp. 2d 190, 195 (S. Mass. 2000) (same).

**Downward Departure Based on Deportability**

This claim by petitioner also fails inasmuch the plea agreement contemplated no further adjustments or departures of any kind. As stated before, petitioner, in fact, received his bargained-for sentence, which considerably limited his exposure. In addition, any claim for downward departure based on deportability was unavailable to petitioner at the time of sentence. See, e.g., United States v. Vázquez, 279 F. 3d 77, 81 (1st Cir. 2002); United States v. Maldonado, 242 F. 3d 1, 4-5 (1st Cir. 2001); United States v. Restrepo, 999 F. 2d 640, 647 (2nd Cir. 1993).

**Counsel's Failure to Address Rule 32 Violation**

Fed. R. Crim. P. 32 (i) (1) (A) requires the Court at sentencing to verify that a defendant and his counsel have read and discussed the presentence report. Here, the sentencing hearing transcript (quoted by the government in its memorandum) bellies petitioner's claim that the Court failed to comply with Rule 32. Specifically, the Court notes that counsel at sentencing stated to the Court that he had read the presentence report and reviewed the name with his client. More so, counsel for the parties informed the Court that the total offense level was to be amended because of petitioner's compliance with the safety valve and that the recommended sentence was now fifty seven (57) months. When allowed to address the Court, petitioner did not disclaim or object to counsel's representations.

**Failure to Raise Issues on Appeal**

On appeal, court-appointed counsel for petitioner filed an Anders brief and sought to withdraw. The brief and motion were denied because the Court determined that an appealable issue

**CIVIL NO. 04-1940 (DRD)**                                    3

existed pursuant to United States v. Melendez Santana 353 F. 3d 93 (1st Cir. 2003). This case holds that the court may not delegate to the probation officer unfettered authority to conduct an unlimited number of drug tests during supervised release.

After several extensions to file the brief were granted by the Court, appellate counsel was permitted to withdraw. Petitioner was then ordered to respond whether he would continue *pro se*, or request new counsel. On June 25, 2004 the First Circuit dismissed the appeal as a result of a letter by petitioner voluntarily dismissing the same.

A petitioner cannot raise issues on collateral review which were not raised on appeal, absent a showing of both cause and prejudice. United States v. Frady, 456 U.S. 152, 164-165 (1982); Prou v. United States, 199 F. 3d 37, 42-43 (1st Cir. 1999). Here, petitioner cannot meet such requirements as he voluntarily withdrew his appeal.

**Conclusion**

Based on the above reasons, this Court must conclude that counsel for petitioner acted quite reasonably in representing him. Accordingly, petitioner's claims of ineffective assistance fail and the present petition must be **DENIED**.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of August, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge