IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS DIFO ENCARNACION,**
**Petitioner**

**v.**                                              **CIVIL NO. 04-1940(DRD)**

**UNITED STATES OF AMERICA,**
**Respondent**

**OPINION AND ORDER**

Pending before the Court is petitioner, Luis Difo Encarnacion's *Petitioner's Pro Se Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Under 28 U.S.C. §2255* (Docket No. 1). Petitioner moves the Court to grant its request on the basis that trial counsel failed to seek a minimal participant role at sentencing, that trial counsel failed to seek a downward departure due to petitioner's status of deportable alien, that counsel at trial and appellate levels failed to raise the issue that the trial court violated Rule 32, Fed.R.Crim.P., 18 U.S.C., inasmuch the court failed to verify that counsel and petitioner had read and discussed the presentence investigation report, and that appellate counsel failed to address an issue relating to supervise release.

After referring the matter to Magistrate Judge Gustavo A. Gelpi, an accurate Report and Recommendation (R&R) was issued (Docket No. 10). Magistrate Judge Gelpi recommended that petitioner's §2255 petition be denied on several grounds, to wit, that the claim for an adjustment due to minimal participant fails because said minimal participant role was not part of the plea agreement and petitioner was sentenced under the term stipulated in the plea agreement; that a downward departure based on deportability was unavailable to petitioner at the time of sentence; that the transcript of the sentencing hearing as quoted by the government in its memorandum shows that counsel stated for the record that he had read and discussed with petitioner the presentence investigation report and that during the petitioner's colloquy he failed to raise said issue before the court; and that although an issue for appeal existed, petitioner voluntarily withdrew his appeal hence any collateral attack to an issue not raised in appeal is barred. **To date, the R & R is still unopposed.** Thus, for the reasons stated below, the Court accepts and **Adopts** *in toto* the Magistrate's unopposed R & R. Therefore, the Court hereby **DENIES** the petitioner's request.

A District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 72(a), Local Civil Rules, District of Puerto Rico. See *Mathews v. Weber*, 423 U.S. 261 (1976). Of course, as a general rule, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Civil Rule 72(d); Fed. R. Civ. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of

court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). See also *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Notwithstanding, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R & R**. See *Douglass v. United Servs. Auto, Ass'n.*, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

The conclusions reached by Magistrate Gelpi, in the R & R, are firmly supported on the record. The record reveals that on October 3, 2002, a Change of Plea Hearing was held (CR-01-674, Docket No. 314). On October 7, 2002, a Report and Recommendation was issued by then Magistrate Judge Aida Delgado (CR-01-674, Docket No. 317) wherein it was recommended to the undersigned to "accept defendant's guilty plea as to Count One of the Indictment and that defendant be adjudged guilty" and sentenced accordingly. The Court adopted the Recommendation as no opposition was filed (CR-01-674, Docket No. 352). Subsequently, on February 6, 2003, sentence was imposed and Judgment was entered on February 14, 2003 (CR-01-674, Docket No. 532).

Furthermore, the R&R issued by then Magistrate Judge Delgado and the Court's examination of the transcript for Rule 11 proceedings show that petitioner knew the content of the plea agreement and entered into said plea agreement voluntarily, intelligently and knowingly as to the charges against him and the constitutional rights associated with a trial were all duly waived. (CR-01-674,

Transcript Change of Plea Hearing, Docket No. 402, P. 30.)  Further, petitioner heard and accepted as true the evidence that would have been presented by the government against him at trial, and even clarified the record as to his participation in the conspiracy; the maximum sentence that could be imposed and how it was to be calculated including aggravating and mitigating factors; the consequences of the conviction in his alien status; and petitioner acknowledge being satisfied with the legal assistance provided by counsel. (CR-01-674, Transcript Change of Plea Hearing, Docket No. 402, PP. 14-31). Specifically and most relevant to the instant matter is the fact that as to the plea agreement, petitioner agreed as to the amount of drugs charged in the conspiracy and the corresponding exposure at sentence and that petitioner "agreed that no other adjustments or departures" to the offense level were to be requested (CR-01-674, Transcript Change of Plea Hearing, Docket No. 402, P. 21).

The Court deems that petitioner's arguments relating to counsel's failure to seek a minimal participant role at sentencing utterly fail.  As stated by the Supreme Court reviewing whether a plea agreement waives appellate rights "... a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings". *Roe. v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  Therefore, counsel's performance is not deemed deficient when defendant plead guilty and received the bargained-for sentence all showing objectively reasonable performance by counsel.  Inasmuch that a plea agreement is reviewed in accordance with principles of contract law, and that "[a] sentence imposed pursuant to a plea agreement must follow the reasonable understandings and expectations of the defendant with respect to the bargained-for sentence", *U.S. v. Palladino*, 347 F.3d 29, 33 (2nd Cir. 2003)(internal quotations marks omitted), defendant's claim fall short of the mark as to ineffective assistance of counsel.  In the instant case, petitioner acknowledge that he was entering into a binding contract between him, his attorney, and the government, and that petitioner was satisfied with the services rendered by his counsel.

Similar fate is faced for petitioner other claims.  The Court explains.  Petitioner's argument seeking a downward departure because of his deportability status fails first, because as previously stated, the plea agreement did not allow for any further adjustments or departures to be requested hence this argument was waived at the time the plea agreement was entered into by the petitioner.  Secondly, in the instant case there is no evidence showing that a departure was justified on the grounds the this case presents any extraordinary circumstances under 18 U.S.C. §3553(a)(1) that would support a downward departure as to his deportability. *U.S. v. Maldonado*, 242 F.3d 1, 4-5 (1st Cir. 2001).

Petitioner alleges that during the trial and appeal process counsel failed to raise an alleged violation to Rule 32, Fed.R.Crim.P., 18 U.S.C., due to the Court's failure to verify that petitioner and his counsel had read and discussed the presentence report.  Rule 32(i)(1)(A) requires that at sentencing  the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report".  Similarly, Rule 32(i)(1)(C) provides that the court "must allow the parties' attorneys to comment on the probation officer's determination and other matters relating to an appropriate sentence".  The law in this circuit provides that "if it is abundantly clear from the sentencing hearing that both defendant and his counsel are

familiar with the report, a new sentencing hearing will not be mandated, even if the court failed to directly inquire whether defendant had an opportunity to review the report". *U.S. v. Manrique*, 959 F.2d 1155, 1157 (1st Cir. 1992). The sentencing transcript shows that defendant's counsel stated, defendant being present, for the record that he had reviewed the presentence report with the defendant and had no objections to it. (CR-01-674, Transcript Sentence Hearing, Docket No. 633, P. 2). The record further demonstrates that an adjustment to defendant's presentence report was made to evidence the benefit of a two level decrease of the safety valve provision. (CR-01-674, Transcript Sentence Hearing, Docket No. 633, P. 2). Therefore, petitioner claim is unwarranted based on the record at sentencing.

Finally, petitioner alleges that at appellate level, his counsel failed to raise an issue relating to petitioner's supervised release. However, the Court notes that trial counsel for petitioner filed an appeal in order to preserve petitioner's claims. Counsel for petitioner at appellate level filed an *Anders* brief stating that there were no non-frivolous claims that merited an appeal and requested leave to be withdrawn as counsel of record. On June 3, 2004, the appellate court reviewed counsel's brief, authorized the withdrawal as counsel of record and then provided petitioner the option whether to proceed in Pro-se fashion, seek either retained or appointed counsel or utilize the current counsel. (See First Circuit Court of Appeals Docket Sheet for Case No. 03-1360.) On June 24, 2004, petitioner filed a letter before the appellate court which was deemed as petitioner opting to voluntarily dismiss his appeal. (See First Circuit Court of Appeals Docket Sheet for Case No. 03-1360.)

It is well settled that a collateral attack is no substitute for an appeal. *U.S. v. Frady*, 456 U.S. 152, 165 (1982). Therefore, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *U.S. v. Addonizio*, 442 U.S. 178, 184 (1979) (citations omitted). Furthermore, although §2255 allows a court to discharge or resentence a defendant if it concludes that "it was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id*., at 185. Consequently, the remedies provided by §2255 are available to attack convictions and sentences entered by a court lacking jurisdiction, to claims encompassing allegations of constitutional errors, and to correct errors of law constituting a fundamental defect which inherently results in a complete miscarriage of justice. *Id*., at 185. Finally, a movant seeking §2255 review of an issue not raised at trial nor at appellate level is precluded from raising said issues except a showing of good cause and prejudice is made.

In the instant case, petitioner is precluded from asserting said error and that it was attributable to his counsel of record. The record shows that counsel for petitioner filed an *Anders* brief stating that there were no non-frivolous issues for appeal and then requested leave to withdraw as counsel of record. The Court proceeded to examine whether the case was frivolous and then authorized the withdrawal of counsel. Petitioner was then afforded the opportunity to seek review either by Pro-se appearance or by seeking appointment of counsel on appeal. Petitioner simply requested the voluntary dismissal of its appeal. Therefore, petitioner is barred from raising ineffective assistance

of counsel as to a matter of supervised release at appellate level as a result of his own actions.[1]

For the reasons stated herein, the Court hereby **DENIES** petitioner, Luis Difo Encarnacion's *Petitioner's Pro Se Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Under 28 U.S.C. §2255* (Docket No. 1), **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation (Docket No. 10) and **DISMISSES** petitioner claims against the defendants **WITH PREJUDICE**. **Judgment** shall be entered accordingly. **This case is CLOSED for all administrative purposes.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 5th day of June 2006.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**

---

[1] Further, the matter of unlimited number of drug test during supervised release constitutes now a harmless error. *U.S. v. Padilla*, 415 F.3d 211, 220-223 (1st Cir. 2005)(en banc); reiterated at *U.S. v. Ortiz-Torres, et al.*, Nos. 02-2456, 03-2458, 03-2534, 03-2572, 04-1871, 2006 WL 1452683 (1st Cir. May 26, 2006).